The Honorable Jim Stallcup Prosecuting Attorney Third Judicial Circuit P.O. Box 550 Cherokee Village, Arkansas 72525
Dear Mr. Stallcup:
You have requested an Attorney General opinion concerning a proposed county land use ordinance. You have attached a copy of the proposed ordinance, along with a copy of its supporting resolution and a land use policy that is incorporated by reference into the ordinance. The general effect of these documents is to require state and federal authorities to consult and coordinate with the county authorities before taking any action that would affect the use of property located within the county.
You have asked:
 Are the proposed ordinance and resolution valid and enforceable? If not, is it possible to adopt a land use ordinance that would be valid and enforceable in the State of Arkansas?
Before proceeding to respond to your questions, I must note that although you have enclosed a copy of the land use ordinance (and related documents) that are the subject of your concern, the questions that you have raised cannot be answered simply by an analysis of these documents. Rather, the answers will depend largely upon the application of the documents to particular activities of the state or federal government. Therefore, the enforceability of the ordinance can only be interpreted on a case by case basis. Accordingly, I will not engage in an analysis of the land use ordinance and related documents, but rather, will present the general principles of law that will govern the issues you have presented, regardless of the particular factual application.
It is my opinion that the proposed ordinance and resolution are enforceable except to the extent that they might conceivably conflict with state or federal law, as applied to a particular factual situation.See Op. Att'y Gen. No. 97-215.
A county quorum court has limited authority to regulate certain activities on property located within the county, provided that its regulations do not conflict with state or federal law. State or federal authorities can override the county's regulation of such activities. For this reason, the county does not have the final authority to approve, disapprove, or control the use of property located within the county.
The extent of the county's authority over the use of property located within the county will depend upon the particular use of the property that the county wishes to regulate. See Op. Att'y Gen. No. 96-294. Counties, acting through their quorum courts, have the authority to enact any legislation relating to "local affairs" that is not prohibited by or contrary to state law. Ark. Const., Am. 55; A.C.A. § 14-14-801; A.C.A. §14-14-501. Similarly, under the Supremacy Clause of the United States Constitution, U.S. Const., art. 6, § 2, the counties' regulations must also be compatible with any applicable federal laws or regulations.
No provision of state or federal law expressly operates to prohibit counties from enacting ordinances that would regulate the use of property located within the county. However, if the state or federal governments have acted or wish to act with regard to the particular land use under consideration, the county, in addressing that land use, must act in a manner that is consistent with the state and federal acts. Moreover, in the event of a conflict between the county and the state regarding such land use, or between the county and the federal government regarding such land use, the state and federal governments will prevail over the county.
I must therefore conclude that while a county can formulate a land use policy with which the state and federal authorities may choose to comply, the county cannot require that state and federal authorities comply with its plan.
For these reasons, I accordingly conclude that the proposed ordinance and resolution about which you have inquired would be valid and enforceable unless they should conflict with state or federal law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General